[Civ. No. 3844. First Appellate District, Division Two.—July 8, 1921.]

## R. C. FALKENBERG, Respondent, v. ELVEZIO G. GIACOMAZZI, Appellant.

[1] BROKER'S COMMISSION—PROCURING OF PURCHASER—FINDING—SUFFICIENCY OF EVIDENCE.—In this action to recover a real estate broker's commission, the finding that plaintiff was the procuring cause of the sale is supported by the evidence.

[2] ID.—EXCLUSIVE AGENCY—SALE BY OWNER—RIGHT TO COMMISSION. A broker having an exclusive contract of sale cannot be deprived of his commission by the owner himself consummating the sale to the broker's client.

[3] ID. — ACTION FOR COMMISSION—EVIDENCE—EFFECT OF PREVIOUS KNOWLEDGE OF PURCHASER—CONCLUSION OF WITNESS.—In an action to recover a broker's commission, a question asked the purchaser by the defendant whether the fact that plaintiff showed him the place after he knew it was for sale had any bearing on his purchase or anything to do with closing the deal was properly sustained, as calling for the conclusion of the witness.

APPEAL from a judgment of the Superior Court of Monterey County. Pat. R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Hugh R. Osburn for Appellant.

David J. Aaron and C. F. Lacey for Respondent.

NOURSE, J.—Defendant appeals from a judgment rendered against him and in favor of plaintiff for six hundred dollars as a real estate broker's commission on the ground that the evidence is insufficient to support the judgment.

The contract between plaintiff and defendant gave plaintiff the exclusive right of sale for a period of thirty days from date (March 17, 1920), and thereafter until ten days'

2. Right of real estate broker to commissions where owner makes sale, notes, 9 Ann. Cas. 433; Ann. Cas. 1913D, 821.

Ordinary contract as excluding right of sale by owner, note, 10 A. L. R. 814.

written notice of cancellation; fifteen thousand dollars was the selling price named therein, and it provided for payment to plaintiff for services rendered in securing a buyer of five per cent commission on the above-mentioned sale price "or any less price that may hereafter be agreed upon." April 28, 1920, defendant notified plaintiff that the contract was canceled. But the court found that the "plaintiff had prior to the giving of said notice secured said F. V. Ferrari as a purchaser of said real property"; also, "that plaintiff was instrumental in obtaining said F. V. Ferrari as a purchaser of the real property referred to in said count, and that said purchaser was secured by the plaintiff pursuant to and within the time limited by the contract referred to." Defendant personally sold the property to Ferrari on the day notice of cancellation was given.

The only question for determination on this appeal is whether plaintiff was instrumental in making the sale. Defendant challenges the findings that he was, claiming the evidence does not show that plaintiff was the procuring or inducing cause of the sale. He also claims that the court erred in its ruling on certain questions asked by defendant to show whether the moving cause of the sale was plaintiff's act in showing the property to Ferrari or the latter's prior knowledge that it was for sale.

On April 16, 1920, plaintiff took Ferrari to see the ranch and the two went all over it and examined it thoroughly. Ferrari objected to the price and plaintiff told him to go and see defendant and he might sell for a cheaper price than that named in the contract. Ferrari did talk to defendant a few days later and on a number of subsequent occasions and made an offer of twelve thousand dollars for the land. They finally agreed upon twelve thousand seven hundred dollars for the land and all the personal property thereon, including the crops, the trial court finding that twelve thousand dollars was paid for the land and seven hundred dollars for the personal property. Ferrari then gave defendant his check for one thousand dollars on the purchase price and defendant gave him a receipt therefor. Ferrari testified that this receipt provided that if plaintiff herein should claim a commission defendant reserved the right to call the deal off; that after this action was commenced defendant asked him for this receipt, which he kept, and

gave him an entirely different one omitting all mention of plaintiff. This was denied by defendant. On May 12, 1920, the deed was executed and the balance of the purchase price paid. Plaintiff did not go with Ferrari to see defendant, nor personally inform him that he had sent Ferrari, until after the sale. Ferrari, however, testified that he told defendant that plaintiff had taken him to see the property but that he had not signed any agreement with him. Ferrari knew the property was for sale and had himself gone to see it about six weeks previous to his visit with plaintiff. Referring to this visit, and in reply to a question by defendant whether he went to see defendant by reason of his prior knowledge that the place was for sale or the fact that plaintiff showed him the property, Ferrari testified: "I was there once and went a little around the house, not much, because I didn't have much interest on the place. That day I was there with Ray Falkenberg we went all over the place and then we looked it over and figured up a little how much come out an acre for it and then I see what was on the place."

[1] Defendant argues that notice to him of the finding of a purchaser was a prerequisite to plaintiff's right to recover commission and that plaintiff had failed to give such notice. This point is without merit. The evidence shows that defendant knew plaintiff had shown the property to Ferrari, the latter testifying that he so informed defendant. Neither is there any merit in the argument that plaintiff had abandoned the attempt to sell to Ferrari. The evidence is that plaintiff referred Ferrari to defendant for the purpose of enabling them to come to an agreement on the price, he having stated that he was without authority to reduce the contract price.

The contract gave plaintiff the exclusive right to sell within the time specified and the sale was made within that time. The facts in this case differentiate it from those cases relied on by defendant in which the sale was made after the contract had expired, or in which the sale was made by the owner during the contract period entirely independent of and without any assistance from the broker. [2] A broker having an exclusive contract of sale, as here, cannot be deprived of his commission by the owner himself consummating the sale to the broker's client.

[3] The trial court properly sustained plaintiff's objection to questions asked Ferrari by defendant whether the fact that plaintiff showed him the place after he knew it was for sale had any bearing on his buying the place or had anything to do with closing the deal. The question called for the mere conclusion of the witness.

The judgment is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.